# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM J. DONOHUE** | : | CIVIL NO. 1:10-CV-1324 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JEFFREY RINEER**, and **GEORGE CRONIN** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a civil rights action filed by plaintiff William J. Donohue ("Donohue") against Jeffrey Rineer ("Rineer") and George Cronin ("Cronin"), both of the Pennsylvania State Police, alleging Rineer and Cronin violated Donohue's Fourth Amendment rights. Presently before the court is a motion (Doc. 8) to dismiss filed by Rineer and Cronin. For the reasons that follow the motion will be denied.

## I. BACKGROUND

### A. Statement of Facts[1]

The instant matter stems from the unfortunate death of Bernadette Leibon, the mother of Donohue, on or about May 20, 2004. (Doc. 1 ¶ 10). Leibon was discovered deceased in her bed at the residence of Donohue and his then wife, Frances Donohue ("Frances"), after Frances called 911 to report her mother-in-

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint. See infra Part II. However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

law's passing. (Doc. 13-2, at 10). Corporal Rineer, one of the first Pennsylvania State Police officers to arrive at the residence, was charged with investigating the death. (Id. at 2). Corporal Cronin, also of the Pennsylvania State Police, assisted in the investigation.

Approximately three years later, on or about March 14, 2007, Rineer and Cronin, charged Donohue and Frances with Leibon's death in a four-count criminal complaint. (Doc. 1 ¶ 13). The charges included:

1. Murder of the first degree in violation of 18 PA. CONS. STAT. § 2502(a);
2. Criminal conspiracy to commit murder of the first degree in violation of 18 PA. CONS. STAT. § 903;
3. Murder of the third degree in violation of 18 PA. CONS. STAT. § 2502(c); and,
4. Criminal conspiracy to commit murder of the third degree in violation of 18 PA. CONS. STAT. § 903(c).

(Id.) An arrest warrant issued and Donohue was taken into custody. (Doc. 13-2, at 13-15). Due to the serious nature of the charges, Donohue was ineligible for bail and remained in prison for eighteen months pending trial. (Doc. 1 ¶ 17, 19).

Donohue alleges that Rineer and Cronin lacked probable cause to pursue charges against him and that "[t]here was virtually no competent or significant evidence against" him. (Id. ¶¶ 8, 15). Donohue avers that Rineer and Cronin were cognizant of multiple facts indicating he had no involvement in the death of Leibon. (See id. ¶ 16). For instance, Donohue alleges Rineer and Cronin were apprised of the following: Donohue and Frances had a broken relationship; Frances cheated on Donohue; Donohue had a drinking problem; Frances controlled the couple's

2

finances exclusively, and Frances completely dominated Donohue in their personal and financial affairs. (Id. ¶ 16(a)-(c), (f)). With respect to Leibon's care, Rineer and Cronin were cognizant that Frances retained sole power of attorney over Leibon's affairs, that Donohue had neither procured or expended any of Leibon's money, that Donohue did not in any way participate or assist in Leibon's care, and that Frances openly admitted to police that she conducted, controlled and undertook all care of Leibon without any assistance from Donohue. (Id. ¶ 16(d)-(e), (h)-(i)). Donohue further alleges that the evidence presented against him was "highly exaggerated" and "devoid of merit," and that Rineer and Cronin distorted and misrepresented facts in describing Donohue's actions and statements. (Id. ¶¶ 21, 22). Finally, Donohue avers that Rineer and Cronin falsified evidence during the pre-trial and trial phases of Donohue's criminal prosecution. (Id. ¶ 26). Ultimately, in August 2008, a jury acquitted Donohue of all charges. (Id. ¶¶ 18, 24).

### B. Procedural History

On June 25, 2010, Donohue filed the instant action, pursuant to 42 U.S.C. § 1983, against Rineer and Cronin alleging malicious prosecution in violation of his Fourth Amendment rights. On August 24, 2010, Rineer and Cronin filed a motion (Doc. 8) to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The motion has been fully briefed and is now ripe for disposition.

## II.     **STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a two-step inquiry.  In the first step, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Fowler v. UPMC

4

Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. When the complaint fails to establish defendant liability, however, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. **DISCUSSION**

Donohue brings a Fourth Amendment malicious prosecution claim against Rineer and Cronin pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

Id. Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

### A. **Malicious Prosecution**

To prevail on Fourth Amendment malicious prosecution claim in a § 1983 action, Donohue must show: (1) defendants initiated a criminal proceeding; (2) the criminal proceeding terminated in Donohue's favor; (3) the proceeding was initiated without probable cause; (4) defendants acted maliciously or for a purpose other than bringing Donohue to justice; and (5) Donohue suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding. See McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). A prosecution instituted without probable cause does not, by itself, constitute a deprivation of a constitutional right; it is instead the deprivation of constitutional rights that accompany the prosecution—such as the constitutional right to be free from unwarranted seizures—that provides the basis for a Fourth Amendment malicious prosecution claim. Dibella v. Borough of Beechwood, 407 F.3d 599, 602-03 (3d Cir. 2005) (citing Gallo v. City of Philadelphia, 161 F.3d 217 (3d Cir. 1998). However, it is

well settled that mere attendance at trial is insufficient to constitute a Fourth Amendment seizure. Id. at 603.

In the instant matter, Rineer and Cronin allege that Donohue cannot, as a matter of law, satisfy the third prong of a malicious prosecution claim, namely that Donohue cannot establish that the proceeding was instituted without probable cause. In support of this contention, Rineer and Cronin submit an affidavit from Rineer concerning his investigation in the underlying criminal prosecution and a copy of the affidavit of probable cause signed by the magistrate judge. (See Doc. 13-2). Defendants assert that it is appropriate for the court to consider the affidavit of probable cause at the motion to dismiss stage because the document is "actually and necessarily relied upon in the allegations" of Donohue's complaint. (See Doc. 13 at 4; id. at 5); see Pension Benefit Guardian Corp. V. White Consol. Ind., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); see also Goodwin v. Elkins & Co., 730 F.2d 99, 113 (3d Cir. 1984) (Becker, J., concurring).

Rineer and Cronin misread Donohue's complaint. The complaint does not rely upon the affidavit of probable cause in the underlying criminal case as a basis for alleging malicious prosecution in the instant matter. To the contrary, Donohue alleges Rineer and Cronin lacked probable cause in pursuing charges against him and possessed knowledge of several facts indicating Donohue's absence of involvement in the care of Leibon. (Doc. 1 ¶¶ 8, 16). Specifically, Donohue avers

that Rineer and Cronin lacked competent evidence against him, that the evidence presented was highly exaggerated and devoid of merit, and that Rineer and Cronin falsified evidence against Donohue. (Doc. 1 ¶¶ 15, 21-22, 26). At the motion to dismiss stage Donohue has sufficiently alleged that Rineer and Cronin lacked probable cause to bring the charges against him. Rineer and Cronin do not challenge the existence of the other elements of a Fourth Amendment malicious prosecution claim, therefore the court will not address them.

### B. Qualified Immunity

As an alternative basis to dismiss the complaint, Rineer and Cronin argue that they are immune from suit under the doctrine of qualified immunity. See Hunter v. Bryant, 502 U.S. 224, 227 (1991) (holding that qualified immunity provides not merely a "defense to liability," but rather, "immunity from suit" (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Certain officials, including police officers and other state actors performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." Pearson v. Callahan, --- U.S. ---, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Wilson v. Layne, 526 U.S. 603, 609 (1999).

Application of qualified immunity implicates two distinct inquiries. The first inquiry evaluates whether the defendant violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201-02 (2001), abrogated in part by Pearson, 555 U.S. 223; Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007); Williams v. Bitner, 455 F.3d 186, 190 (3d

Cir. 2006). If the defendant did not commit a constitutional infraction, the court must dispose of the claim in defendant's favor. Saucier, 533 U.S. at 201. However, if the defendant committed a constitutional violation, the second inquiry assesses whether the right in question was "clearly established" at the time the defendant acted. Pearson, 129 S. Ct. at 815-16; Saucier, 533 U.S. 201-02. A right is "clearly established" if a reasonable state actor under the circumstances would have known that his or her conduct impinged upon constitutional mandates. Pearson, 129 S. Ct. at 815-16; Williams, 455 F.3d at 191. Hence, a defendant may not invoke qualified immunity if the defendant's conduct diverges from that of a reasonable state actor under the circumstances. Williams, 455 F.3d at 191.

The court is not required to conduct these inquiries sequentially. Pearson, 129 S. Ct. at 820. The court may eschew difficult constitutional issues and award qualified immunity to a defendant if it is apparent that the defendant did not violate rights that were *clearly established* at the time the defendant acted. Id. However, if the court chooses to address the alleged constitutional violations, at the motion to dismiss stage, the threshold question is whether the plaintiff has "alleged a deprivation of a constitutional right at all." Thomas v. Independence Twp., 436 F.3d 285, 294 (3d Cir. 2005) (citing Wright v. City of Philadelphia, 409 F.3d 595, 604-07 (3d Cir. 2005) (Smith, J., concurring)).

As discussed above, Donohue has properly pled a violation of his Fourth Amendment rights—particularly an unlawful seizure through a malicious prosecution. The court thus turns to the "clearly established right" prong of the

9

qualified immunity analysis. Rineer and Cronin acknowledge that an arrest warrant must be supported by probable cause, and that this requirement is clearly established, but aver that "the question which must be asked is whether it was clearly established that probable cause did not exist under the specific facts of this case." (Doc. 13 at 11). Rineer and Cronin are mistaken. In the instant matter, Donohue avers that defendant lacked probable cause, ignored pertinent information, presented evidence devoid of merit, and falsified, exaggerated, distorted and misrepresented evidence that was available. (Doc. 1 ¶¶ 6, 16, 21-23, 26). Donohue essentially alleges that Rineer and Cronin knew they did not have probable cause when seeking an arrest warrant through the affidavit of probable cause. The defendants dispute this allegation and draw attention to the affidavit of probable cause, however their contention that probable cause existed does not entitle them to qualified immunity at this stage. The dispute over the existence of probable cause must be explored through discovery.

## IV. **CONCLUSION**

For the foregoing reasons, the motion (Doc. 8) to dismiss will be denied. An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      December 10, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM J. DONOHUE** | : | CIVIL NO. 1:10-CV-1324 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JEFFREY RINEER**, and **GEORGE CRONIN** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 10th day of December, 2010, upon consideration of the motion (Doc. 8) to dismiss filed by defendants Jeffrey Rineer and George Cronin, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 8) to dismiss is DENIED.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge